UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**SHERI ELLIS-SMITH,**

　　Plaintiff,

　　　　v.

**SECRETARY OF THE ARMY,**

　　Defendant.

Civil Action No. 10-1594 (JEB)

## MEMORANDUM OPINION

　　Plaintiff Sheri Ellis-Smith is a black female who is employed as a contract specialist with the U.S. Army Corps of Engineers and has served in Germany and Afghanistan. Am. Compl., ¶ 9. Since 2008, Plaintiff has filed four administrative complaints against her supervisor in Germany alleging myriad acts of discrimination based on her race and gender, including, *e.g.*, unequal workload, discriminatory work assignments, and non-selection for promotion. Id., ¶ 3. Plaintiff received a final agency decision that rejected one of her complaints on June 18, 2010. Id., ¶ 4; Motion, Exh. B (Department of the Army, Equal Employment Opportunity Compliance and Complaints Review) at 11.

　　On September 20, 2010, Plaintiff filed this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, against Defendant, the Secretary of the Army. Her amended Complaint, filed November 29, 2010, alleges claims of retaliation, hostile work environment and disparate treatment, gender discrimination, and race discrimination.

1

On February 28, 2011, arguing lack of venue, Defendant filed this Motion to Dismiss, Or In the Alternative, Motion to Transfer under Federal Rule of Civil Procedure 12(b)(3), which the Court now considers.[1]

## I. Legal Standard

When presented with a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3), the Court "accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." Pendleton v. Mukasey, 552 F. Supp. 2d 14, 17 (D.D.C. 2008) (citing Darby v. U.S. Dep't of Energy, 231 F. Supp. 2d 274, 276–77 (D.D.C. 2002)). The Court need not, however, accept the plaintiff's legal conclusions as true, Darby, 231 F. Supp. 2d at 277, and may consider material outside of the pleadings. Artis v. Greenspan, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) (citing Land v. Dollar, 330 U.S. 731, 735 n.4 (1947)). "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." Freeman v. Fallin, 254 F. Supp. 2d 52, 56 (D.D.C. 2003); 15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3826, at 258 (2d ed. 1986 & Supp. 2006) ("[W]hen an objection has been raised, the burden is on the plaintiff to establish that the district he or she has chosen is a proper venue."). To prevail on a motion to dismiss for improper venue, however, "the defendant must present facts that will defeat the plaintiff's assertion of venue." Khalil v. L-3 Commc'ns Titan Grp., 656 F. Supp. 2d 134, 135 (D.D.C. 2009). Unless there are "pertinent factual disputes to resolve, a challenge to venue presents a pure question of law." Williams v. GEICO Corp., No. 10-1420, 2011 WL 2441306, at *2 (D.D.C. June 20, 2011).

---

[1] The Court has reviewed Defendant's Motion to Dismiss, Or In the Alternative, Motion to Transfer; Plaintiff's Opposition thereto; and Defendant's Reply.

**II.     Analysis**

Venue in Title VII cases is governed by statute. A Title VII action may be properly brought (1) "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed," (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered," or (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice . . . ." 42 U.S.C. § 2000e-5(f)(3). "[I]f the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." Id.

Plaintiff correctly does not claim that prongs 1 or 3 provides a basis for venue in this district. Neither could. As to the first, Plaintiff states in her Amended Complaint, "At all times herein mentioned, the Plaintiff . . . was employed by Defendant as a contracts specialist with the Army Corps of Engineers in Germany or Afghanistan." Id., ¶ 9. In her sworn declaration, she further explains, "I filed an EEO complaint against my previous manager located at the Europe District in Germany for the actions mentioned in my complaint." Opp., Exh. 1 (Declaration of Sheri Ellis-Smith), ¶ 1. It is thus undisputed that the alleged unlawful employment practices occurred in Germany, not in the District of Columbia. The first prong cannot apply.

As to prong 3, neither party suggests a possibility that, but for any alleged unlawful employment practices, Plaintiff would have worked in the District of Columbia. Rather, the evidence suggests that Plaintiff applied for a promotion in, and sought to remain deployed in, Germany. See Am. Compl., ¶ 15 ("Plaintiff was not selected for the position of supervisory contract specialist, YC-1102-02."); Motion, Exh. B (Department of the Army, Equal Employment Opportunity Compliance and Complaints Review) at 6 ("Your client said that she

3

applied and was referred for the position of Supervisory Contract Specialist, but was not interviewed or selected. . . . Mr. Winne [Plaintiff's second-level supervisor in Germany] said he was the selecting official for the position at issue."); Motion, Exh. A (Formal Complaint of Discrimination) at 4 (alleging her supervisors in Germany "did not recommend approval of my overseas extension request, which led to my request being denied"). Plaintiff has thus failed to carry her burden to plead facts to support venue in this district under prong 3.

Having failed on two of the prongs, Plaintiff appears to rely wholly on prong 2, which permits Title VII cases to be brought in the district where Plaintiff's "employment records relevant to such [unlawful employment] practice are maintained and administered." § 2000e-5(f)(3). Yet Plaintiff has not averred that the records are currently maintained and administered in the District of Columbia. Defendant submits, by sworn declaration, that "[d]uring the period of December 2008 – June 2010, Ms. Ellis-Smith's master employment records (official personnel files) were maintained and administered in the Civilian Personnel Advisory Center (CPAC Unit), Europe District, APO EO 09096, P.O. Box 0029, Wiesbaden, Germany 29263." Motion, Exh. E (Declaration of Dawn M. Clappsy), ¶ 3. The most Plaintiff can offer in response is her declaration that her "employment records were not maintained at the office w[h]ere I am employed. They were maintained in the Washington, DC Office for the first two years after my initial employment, and later maintained at the Civilian Personnel Office located in Europe." Opp., Exh. 1 (Declaration of Sheri Ellis-Smith), ¶ 7.

Yet the statute refers to where the records "<u>are</u> maintained and administered." § 2000e-5(f)(3) (emphasis added). Plaintiff herself admits that, at the time of the filing of this action, this was in Europe, not the District of Columbia. Even if copies of those records might be maintained here, that does not confer venue. <u>See</u> <u>Washington v. General Elec. Corp.</u>, 686 F.

4

Supp. 361, 363 (D.D.C. 1988) ("it is clear that Congress intended venue to lie on the basis of the presence of records only in the one judicial district in which the complete, 'master' set of employment records is 'maintained and administered.'").

That the parties present contradictory factual accounts of where Plaintiff's EEO complaints were processed is of no moment to the Court's venue analysis.[2] As Defendant observes in its Reply, the other courts in this district that have considered the question have firmly rejected the argument that the location where Plaintiff's EEO complaints were initiated and processed provides a basis for venue under prong 2 of § 2000e-5(f)(3). See Amirmokri v. Abraham, 217 F. Supp. 2d 88, 90-91 (D.D.C. 2002) ("While it may be true that records relating to plaintiff's unlawful employment practice complaint and the investigation thereof are maintained in the District of Columbia, such records are not 'employment records' within the meaning of the statute.") (emphasis added); Lee v. England, No. 02-2521, 2004 WL 764441, at *1 (D.D.C. Mar. 9, 2004) ("Plaintiff's assertion that the 'administrative processing' of his case has been through the Human Resources Office at the Washington Navy Yard seeks to sidestep the language of the statute, which deals not with administrative processing of the litigation but with the maintenance and administration of employment records relevant to the challenged employment practice."); Saran v. Harvey, No. 04-1847, 2005 WL 1106347, at *3 (D.D.C. May 9, 2005) ("Although she may have filed her EEOC complaint in Washington, her employment records are not considered 'maintained and administered' at the EEOC office for purposes of determining proper venue under 42 U.S.C. § 2000e-5(f)(3)."); Ridgely v. Chao, No. 05-1033,

---

[2] Plaintiff asserts, by sworn declaration, that her four complaints were either initially processed at the Army Corps of Engineers' Humphreys Engineer Center in Washington, D.C., or transferred there from the Army's Europe District Office in Germany soon after she filed them. Ellis-Smith Decl., ¶ 4. Defendant, on the other hand, submits by sworn declaration that after being initially processed in Germany, Plaintiff's "complaint was processed by the EEO office at the U.S. Army Corps of Engineers Humphreys Engineer Center Support Activity ("HECSA") located in Alexandria, Virginia." Motion, Exh. C (Declaration of Frances E. Jones), ¶ 2.

2006 WL 626919, at *2 (D.D.C. Mar. 13, 2006) ("The law is clearly established that the maintenance and administration of such EEO records does not establish proper venue under 42 U.S.C. § 2000e-5(f)(3).") (emphasis added). The Court sees no basis to find otherwise here.

The only cases Plaintiff cites to support venue in this district, Smith v. Dalton, 927 F. Supp. 1 (D.D.C. 1996), and Bartman v. Cheney, 827 F. Supp. 1 (D.D.C. 1993), are cases applying 28 U.S.C. § 1391(e), which is inapplicable in Title VII cases where venue is prescribed by 42 U.S.C. § 2000e-5(f)(3). See Donnell v. Nat'l Guard Bureau, 568 F. Supp. 93, 94 (D.D.C. 1983).

Because Plaintiff has failed to establish venue in any judicial district in the United States under the first three prongs of § 2000e-5(f)(3) – each of which points to Germany – the Court turns to that section's final provision. This provides that in such a case, a Title VII action "may be brought within the judicial district in which the respondent has his principal office." Id. The Secretary of the Army's principal office is located in the Pentagon, in Arlington, Virginia. See Saran, 2005 WL 1106347, at *4; Ebron v. Dep't of the Army, No. 09-1961, 2011 WL 635297, at *3 (D.D.C. Feb. 23, 2011). Venue in the District of Columbia for this action is thus improper.

When venue is improper, the Court must dismiss the claim or, "if it be in the interest of justice, transfer [it] to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Although the decision to transfer or dismiss is committed to the sound discretion of the district court, the interest of justice generally requires transferring a case to the appropriate judicial district in lieu of dismissal. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962). This is what the Court will do here. In this case, the only jurisdiction in which Plaintiff's claim could have been brought is the Eastern District of Virginia, and that is where the case shall be transferred.

## III. Conclusion

An Order accompanying this Memorandum Opinion will grant Defendant's Motion and transfer the case to the Eastern District of Virginia.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: June 22, 2011